# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN KERR a/k/a "Allah",** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-00357** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Plaintiff Kevin Kerr a/k/a "Allah" ("Plaintiff"), who is currently incarcerated at United States Penitentiary Allenwood in White Deer, Pennsylvania, commenced the above-captioned action by filing a complaint against the United States of America ("Defendant") under 28 U.S.C. § 1331.  Pursuant to the Prison Litigation Reform Act of 1995, the Court has reviewed the complaint.[1]   For the reasons that are set forth below, the Court finds that the complaint fails to state a claim upon which relief may granted.  Thus, the Court will dismiss the complaint, but without prejudice to Plaintiff filing an amended complaint.

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA").  As provided for in 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  <u>See</u> 28 U.S.C. § 1915A(a).  If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  <u>See</u> 28 U.S.C. § 1915A(b)(1).

I.      **BACKGROUND**

On March 11, 2022, Plaintiff filed a complaint against Defendant pursuant to

28 U.S.C. § 1331 (Doc. No. 1.)  Although Plaintiff claims that Defendant violated

his rights under the First, Sixth, and Eighth Amendments to the United States

Constitution, the allegations that he has raised in support of those purported

violations are broad, vague, and unintelligible, leaving the Court to speculate as to

what conduct gives rise to his claims.  (Doc. No. 1.)   The Court will recount those

allegations, to the best of its ability, below.

Plaintiff alleges that Defendant violated his First Amendment right to

"criminal trial self-representation . . . to control the organization and content of

[h]is Copyrighted & Registered Holy Qur'an Literary Work Defense."  (Id. at 1.)

Plaintiff also alleges that Defendant violated his Sixth and Eighth Amendment

rights when it sought to determine Plaintiff's "[p]resent [m]ental [c]ondition"

which "consequently resulted in 'psychiatric treatment testing' that [was] forced on

[him] against [h]is volition[.]"  (Id. at 2.)  Plaintiff alleges that "[s]aid force has

caused a functional legal impairment of the competence of [his] criminal trial

waiver on the . . . Sixth Amendment [r]ight to the assistance of counsel, and, in

violation of the . . . [Eighth Amendment's prohibition against] Cruel and Unusual

Punishment . . . amounting to statutory torture[.]"  (Id.; see id. at 3 (stating that

2

such psychiatric testing was done to achieve Plaintiff's "trial competence" as his "incompetence" had risen to "'Grave Disability").)

Plaintiff alleges that all of this was done "without demonstrating a compelling government interest furthered by the least restrictive means for placing said substantial burden on [the] proclamation of [h]is free national name 'ALLAH' [as] such . . . is [h]is freedom of contract enforcement remedy and criminal trial self-representation defense right."  (Id. at 2; see id. at 3 (alleging that "forced psychiatric medication is an invasion of privacy (autonomy), the right of self-representation of said autonomy at which is found independently in the structure and history of the text of the United States Constitution such as is the civil right to life . . .").)

In addition, Plaintiff alleges that, on August 23, 2002, a due process hearing "was occasioned because [he] repeatedly refused to submit to urine testing without [h]is proclaimed free name Allah being recognized in the 'voluntariness' of said testing."  (Id. at 3.)  He alleges that this due process hearing "resulted in a finding deriving from [Plaintiff's] refus[al] to program 'voluntarily' without the recognition of [h]is proclaimed free national name."  (Id.)

In connection with these allegations, Plaintiff claims that he was injured by "the functional impairment of 312 months in prison without having . . . Defendant's recognition of [his] 'competence' in [h]is criminal trial self-

3

representation (defense) which has consequently resulted in [him] being deprived
of the 'representation tax' (¢25 per month per capita) from the 300,000+ Grand
Body of Moslems upon whom said 'competent self-representation' is binding
upon[.]"  (Id. at 4.)  He seeks injunctive relief "alleviating the psychiatric drug
testing[,]" as well as "Stigma Damages & Consequential Damages in the form of
COMPENSATORY DAMAGES in the Amount of: $20,000,000.00."  (Id.)

Pursuant to the PLRA, the Court has reviewed Plaintiff's complaint.  For the
reasons that are set forth below, the Court will dismiss the complaint, but without
prejudice to Plaintiff filing an amended complaint, consistent with the Court's
discussion herein.

## II.   LEGAL STANDARD

Even though Plaintiff paid the requisite filing fee in this matter (Doc. No. 3),
the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A.
See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the
district courts have the authority to screen a prisoner complaint pursuant to §
1915A(b)(1) even if the prisoner is not proceeding in forma pauperis).  Under 28
U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil
action in which a prisoner seeks redress from a governmental entity or officer or
employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint "is

4

frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  See 28 U.S.C. § 1915A(b)(1).

In dismissing claims under § 1915A, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 678; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In addition, and particularly relevant here is that, "[a] Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)."  See I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  As explained by the United States Court of Appeals for the Third Circuit:

> Rule 8(a) provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990).

In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  Thus, the statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which the plaintiff's claim rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."  See Fowler, 578 F.3d at 211. It "has to show such an entitlement with its facts."  See id. (citation and internal quotation marks omitted).

In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson, 551 U.S. at 94 (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## III.  DISCUSSION

As discussed above, Plaintiff has filed his complaint pursuant to 28 U.S.C. § 1331, asserting violations of his First, Sixth, and Eighth Amendment rights.  (Doc. No. 1.)  The Court has carefully reviewed the complaint and finds that it fails satisfy the pleading standards set forth above.  Specifically, the complaint fails to satisfy Rule 8's basic tenet that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).

Although the complaint asserts violations of Plaintiff's constitutional rights, the complaint has not clearly set forth the grounds upon which those violations rest.  See Erickson, 551 U.S. at 93.   Indeed, the allegations in the complaint are broad, vague, and unintelligible.  As a result, the Court has been left to speculate as to what alleged conduct gives rise to the asserted violations.  Thus, the Court finds that the complaint does not satisfy Rule 8.  See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) ("Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citation and internal quotation marks omitted)); see also Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess

what of the many things discussed constituted [a cause of action]"); <u>Tillio v.
Spiess</u>, 441 F. App'x 109, 110 (3d Cir. 2011) (unpublished) (stating that a federal
"district court may *sua sponte* dismiss a complaint for failure to comply with Rule
8, but dismissal is usually reserved for those cases in which the complaint is so
confused, ambiguous, vague, or otherwise unintelligible that its true substance, if
any, is well disguised" (citation and internal quotation marks omitted)).
Accordingly, the Court will dismiss Plaintiff's complaint for failure to state a claim
upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The final issue thus becomes whether Plaintiff should be granted leave to
file an amended complaint.  Due to the applicable liberal pleading standard, a
plaintiff should generally be granted leave to amend before a Court dismisses a
claim that is merely deficient.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d
103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for
amendments to be granted liberally in light of the "principle that the purpose of
pleading is to facilitate a proper decision on the merits."  <u>See</u> <u>Foman v. Davis</u>, 371
U.S. 178, 182 (1962).  The Court may deny, however, a motion to amend where
there is "undue delay, bad faith[,] or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments previously allowed, undue
prejudice to the opposing party by virtue of allowance of the amendment, [or]
futility of the amendment."  <u>See</u> <u>id.</u>  The Court must also determine whether a

8

proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based upon the foregoing, the Court cannot conclude that it would be futile to allow Plaintiff to file an amended complaint to attempt to cure the deficiencies identified herein.  Thus, the Court will allow Plaintiff to file an amended complaint.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  And, significantly, Plaintiff is cautioned that neither conclusory allegations nor broad, vague, or unintelligible allegations will set forth a cognizable claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The Court will afford Plaintiff, however, thirty (30) days from the date of the Order accompanying this Memorandum in which to file an

amended complaint, consistent with the Court's discussion herein.  An appropriate

Order follows.


s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge