IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN KERR a/k/a "Allah",<br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant | :<br>:<br>:   No. 1:22-cv-00357<br>:<br>:   (Judge Rambo)<br>:<br>:<br>: |

**MEMORANDUM**

Pro se Plaintiff Kevin Kerr a/k/a "Allah" ("Plaintiff"), who is currently incarcerated at United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), commenced the above-captioned action by filing an original complaint against the United States of America ("Defendant") under 28 U.S.C. § 1331.  Pursuant to the Prison Litigation Reform Act of 1995,[1] the Court previously reviewed the original complaint and found that it failed to state a claim upon which relief may granted.  Thus, the Court dismissed the original complaint, but without prejudice to Plaintiff filing an amended complaint. Presently before the Court is Plaintiff's amended complaint.  For the reasons that are set forth below, the Court

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA").  As provided for in 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a).  If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  See 28 U.S.C. § 1915A(b)(1).

1

finds that the amended complaint also fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss the amended complaint, but without prejudice to Plaintiff having a final opportunity to amend.

I.   BACKGROUND

    A.   **The Original Complaint**

On March 11, 2022, Plaintiff filed an original complaint against Defendant pursuant to 28 U.S.C. § 1331 (Doc. No. 1.) Although Plaintiff claimed that Defendant violated his rights under the First, Sixth, and Eighth Amendments to the United States Constitution, the allegations that he raised in support of those purported violations were broad, vague, and unintelligible, leaving the Court to speculate as to what conduct gave rise to his claims. (Doc. No. 4 at 2.) Nevertheless, the Court recounted those allegations to the best of its ability. (Id.)

More specifically, Plaintiff alleged that Defendant violated his First Amendment right to "criminal trial self-representation . . . to control the organization and content of [h]is Copyrighted & Registered Holy Qur'an Literary Work Defense." (Doc. No. 1 at 1.) Plaintiff also alleged that Defendant violated his Sixth and Eighth Amendment rights when it sought to determine Plaintiff's "[p]resent [m]ental [c]ondition" which "consequently resulted in 'psychiatric treatment testing' that [was] forced on [him] against [h]is volition[.]" (Id. at 2.) Plaintiff alleged that "[s]aid force has caused a functional legal impairment of the

2

competence of [his] criminal trial waiver on the . . . Sixth Amendment [r]ight to the assistance of counsel, and, in violation of the . . . [Eighth Amendment's prohibition against] Cruel and Unusual Punishment . . . amounting to statutory torture[.]"  (Id.; see id. at 3 (stating that such psychiatric testing was done to achieve Plaintiff's "trial competence" as his "incompetence" had risen to "'Grave Disability'").)

Plaintiff alleged that all of this was done "without demonstrating a compelling government interest furthered by the least restrictive means for placing said substantial burden on [the] proclamation of [h]is free national name 'ALLAH' [as] such . . . is [h]is freedom of contract enforcement remedy and criminal trial self-representation defense right."  (Id. at 2; see id. at 3 (alleging that "forced psychiatric medication is an invasion of privacy (autonomy), the right of self-representation of said autonomy at which is found independently in the structure and history of the text of the United States Constitution such as is the civil right to life . . .").)

In addition, Plaintiff alleged that, on August 23, 2002, a due process hearing "was occasioned because [he] repeatedly refused to submit to urine testing without [h]is proclaimed free name Allah being recognized in the 'voluntariness' of said testing."  (Id. at 3.)  He alleged that this due process hearing "resulted in a finding

3

deriving from [Plaintiff's] refus[al] to program 'voluntarily' without the recognition of [h]is proclaimed free national name." (Id.)

In connection with those allegations, Plaintiff claimed that he was injured by "the functional impairment of 312 months in prison without having . . . Defendant's recognition of [his] 'competence' in [h]is criminal trial self-representation (defense) which has consequently resulted in [him] being deprived of the 'representation tax' (¢25 per month per capita) from the 300,000+ Grand Body of Moslems upon whom said 'competent self-representation' is binding upon[.]" (Id. at 4.) As for relief, he sought injunctive relief "alleviating the psychiatric drug testing[,]" as well as "Stigma Damages & Consequential Damages in the form of COMPENSATORY DAMAGES in the Amount of: $20,000,000.00." (Id.)

Pursuant to the PLRA, the Court reviewed Plaintiff's original complaint and found that it failed to satisfy Rule 8's basic tenet that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (Doc. No. 4 at 7 (citing Fed. R. Civ. P. 8(a)(2)).) Specifically, the Court found that, even though the original complaint asserted violations of Plaintiff's constitutional rights, it did not clearly set forth the grounds upon which those violations rest. (Id.) Thus, the Court dismissed the original complaint, but without prejudice to Plaintiff filing an amended complaint.

## B. The Amended Complaint

On April 8, 2022, Plaintiff filed an amended complaint. (Doc. No. 6.) He has once again named Defendant as the sole defendant in this litigation, but he no longer asserts violations under the First, Sixth, and Eighth Amendments. (Id.) Instead, he now claims a violation of the Religious Freedom and Restoration Act ("RFRA"), and he challenges a 2009 order from the United States District Court for the Western District of Missouri, committing him to the custody of the Attorney General under 18 U.S.C. § 4245 for mental health care and treatment in a suitable facility. (Id.)

The body of Plaintiff's complaint is divided into four (4) separate sections. (Id. at 2-6.) Each of those sections presents a different basis for the alleged substantial burden that Defendant has placed on the exercise of Plaintiff's religion. (Id.) Also interspersed throughout those sections are contentions regarding Plaintiff's commitment order under 18 U.S.C. § 4245. (Id.) These allegations are much like the allegations in the original complaint; they are broad, vague, and unintelligible.

Under the first section, Plaintiff alleges that, on November 24, 2009, he was committed to the custody of the United Sates Attorney General under 18 U.S.C. § 4245. (Id. at 2.) He alleges that he was initially confined to the United States Medical Center for Federal Prisoners in Springfield Missouri ("USMC Missouri"),

5

but that he was subsequently transferred to USP Allenwood on May 22, 2020. (Id.)  Plaintiff alleges that, at both facilities, he was "forced psychiatric drug testing that [was] administered as treatment of 'schizophrenia' which is diagnosed to originate from [his] testamentary act proclaiming that He is 'Allah' in name, spirit, and Holy Qur'an fact."  (Id.)  He alleges that the "Bureau of Prisons' Doctorate of Philosophy diagnoses is made with 'Diagnostic Statistical Manual for Treating Mental Disorders (DSM-5)' in the exclusion of the power and authority of Chapter 38-command-1 of the Holy Qur'an by which said pseudonym 'Allah' . . . is proven to be 'The Truthful God[.]'"  (Id.)  As a result of this, he claims that the "psychiatric drug testing is a substantial burden amounting to [t]orture" and resulting in "the loss of 'Zakat' in an amount exceeding $20,000,00.00."  (Id.)

Under the second section, Plaintiff alleges that on March 8, 2010, subsequent to a second commitment order under 18 U.S.C. § 4245, he was issued a "'Statement of Patient Rights' by the Chief of Psychiatry at [USMC Missouri]." (Id. at 3.)  He alleges that, on August 19, 2013, he was issued a "'Discharge Plan'" by the entire treatment team.  (Id.)  He alleges that he met the discharge criteria for a period of time exceeding sixty (60) months prior to being transferred to USP Allenwood on May 22, 2020.  (Id.)  He alleges that the continued civil commitment and psychiatric drug testing has no reasonable relation to the purpose for which he was committed and, thus, is in violation of "Patient Rights #2 and

#3." (Id. (stating that he is precluded from filing a motion for discharge and representing himself under 18 U.S.C. § 4245(h).) Plaintiff claims that this "places a substantial burden on [h]is free religious exercise because 'mental disease' is defined in the Holy Qur'an by the Arabic term 'Maradz' which means: 'Disease; anything whereby a person loses physical, moral or spiritual health; any physical, moral or spiritual weakness or defect in faith[;] anything that hinders a human being's physical, moral spiritual process; hypocrisy[.]" (Id. (stating that "[t]he Holy Qur'an is revealed for healing these diseases . . . ").)

Under the third section, Plaintiff alleges that, on May 22, 2013, at USMC Missouri, a second due process hearing was conducted, where he was found to be "in danger of serious physical harm to self by failing to provide for his own essential human needs of health and/or safety" and that he "manifests, or will soon manifest, severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his actions." (Id. at 4.) Plaintiff alleges that, notwithstanding this fact, "Chapter 2-command-138 of the Holy Qur'an . . . secures [his] exclusive right(s) to 'reproduce' (The Counsel, Protector, Guide, and Salvation) Attributes of the Holy Qur'an [a] Literacy Article 'ALLAH' in [h]is Heart & Mind Copies . . . and to 'perform' said Original Book Copy ('ALLAH' fixed in [his] heart and mind) 'publicly.'" (Id.) In addition, Plaintiff alleges that he was transferred to USP Allenwood, where he continued to

7

endure forced psychiatric treatment under 18 U.S.C. § 4245.  (Id.)  Plaintiff alleges that this "places a substantial burden on [his] said 'cognitive and volitional' Monopoly and likewise violates the laws of the United States Congress in which said Divine Law 'expression' 'ALLAH' is bound in obedience[.]"  (Id.)

Under the fourth section, Plaintiff alleges, that on April 19, 1999, in the Eastern District of Michigan, he waived his Sixth Amendment right to counsel and conducted his criminal trial in "propria persona."  (Id. at 5.)  Plaintiff alleges that Defendant subsequently conducted a due process hearing at USMC Missouri on August 23, 2002, "to justify the forced administration of psychiatric drugs."  (Id. (claiming that this was done for Plaintiff "to 'become competent for trial'").)  Plaintiff alleges that this rendered his "April 19, 1999 waiver of the Sixth Amendment right to the assistance of counsel not-competent and [that this] denies [his power and] right 'to control the organization and content of his own defense' and to thereby affirm [h]is 'dignity and autonomy'[.]"  (Id.)  Plaintiff alleges, that "Defendant's continued psychiatric drug testing is to remove [his] existence, because as copyright & registered, 'ALLAH' is the 'expression' of the Holy Qur'an Divine Constitution[.]"  (Id.; id. at 6 (alleging that Plaintiff's "power to waive and independent finding are one and the same in the expression 'ALLAH' that is fixed in [his] heart and mind 'material objects' in accordance with Hebrews 8:10 . . .").)

8

In connection with these four sections, Plaintiff appears to be challenging his commitment under 18 U.S.C. § 4245 (id. at 7) and to also be asserting RFRA claims, alleging that Defendant has placed a substantial burden on his freedom of religious affiliation and voluntary religious worship at both USMC Missouri and USP Allenwood, where he is currently incarcerated (id. at 1).  As for relief, he seeks "[p]rospective relief . . . to correct the violation of the [RFRA and Patient Rights,]" stigma damages, and consequential damages "in the form of COMPENSATORY DAMAGES in the [a]mount of: $20,000,000.00" plus "the cost of this suit."  (Id. at 8.)

## II.   LEGAL STANDARD

Even though Plaintiff paid the requisite filing fee in this matter (Doc. No. 3), the Court has the authority to screen his amended complaint pursuant to 28 U.S.C. § 1915A.  See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis).  Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  See 28 U.S.C. § 1915A(b)(1).

In dismissing claims under § 1915A, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See Iqbal, 556 U.S. at 678; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In addition, and once again relevant here is that, "[a] Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)."  See I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  As explained by the United States Court of Appeals for the Third Circuit:

> Rule 8(a) provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple,

concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990).

In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Thus, the statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which the plaintiff's claim rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." See Fowler, 578 F.3d at 211. It "has to show such an entitlement with its facts." See id. (citation and internal quotation marks omitted).

In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson, 551 U.S. at 94 (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## III.   DISCUSSION

The Court has carefully reviewed the amended complaint and finds that Plaintiff's pleading fails, once again, to satisfy the standards set forth above. In particular, the amended complaint fails to satisfy Rule 8's basic tenet that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2).

Although the amended complaint appears to challenge Plaintiff's commitment order under 18 U.S.C. § 4245 and to also raise claims under the RFRA, the amended complaint has not clearly set forth the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. Indeed, much like the allegations in the original complaint, the allegations in the amended complaint are broad, vague, and, at times, unintelligible. As a result, the Court has been left once more to speculate as to what alleged conduct gives rise to the asserted violations.

Thus, for all of these reasons, the Court finds that the amended complaint does not satisfy Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) ("Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citation and internal quotation marks omitted)); see also Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully

answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]"); Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011) (unpublished) (stating that a federal "district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" (citation and internal quotation marks omitted)).

In addition, the Court finds that, to the extent that Plaintiff is attempting to assert any RFRA claims against Defendant, the amended complaint fails to state a claim upon which relief can be granted. Under the RFRA, the "Government" is prohibited "from 'substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability,' unless the 'Government' can 'demonstrate[ ] that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" See Mack v. Warden Loretto FCI, 839 F.3d 286, 301 (3d Cir. 2016) (quoting 42 U.S.C. § 2000bb-1(a)-(b)). The Court also observes that the RFRA provides for "a private cause of action against the '[G]overnment' for 'appropriate relief.'" Id. (quoting § 42 U.S.C.A. § 2000bb-1(c)). However, the RFRA defines "Government" as "includ[ing] a branch, department, agency, instrumentality, and official (or other

13

person acting under color of law) of the United States[.]" See 42 U.S.C. § 2000bb–2(1). Thus, Defendant does not constitute "Government" for purposes of the RFRA and, as a result, Defendant cannot be held liable under the RFRA.

Additionally, to the extent that Plaintiff is attempting to challenge his commitment order under 18 U.S.C. § 4245, the Court observes that on November 8, 2021, the United States Court of Appeals for the Third Circuit dismissed, as frivolous, Plaintiff's appeal of this Court's Order, which dismissed Plaintiff's 28 U.S.C. § 2241 habeas petition, finding—among other things—that "he was 'lawfully confined for mental health care and treatment[.]'" See Kerr v. Warden Allenwood USP, No. 21-2029, 2021 WL 5176083, at *1 (3d Cir. Nov. 8, 2021) (unpublished) (quoting Kerr v. Garland, 1:21-cv-00199 (M.D. Pa. May 18, 2021), ECF No. 17 at 9). In particular, the Court of Appeals found that Plaintiff had not meaningfully demonstrated "either that the [commitment] order was erroneous when issued or that it should be lifted now." (Id.) In light of this recent Opinion, and assuming that the Court could consider Plaintiff's challenge to his commitment order in this civil rights context, the Court notes that Plaintiff has neither alleged nor shown that there has been any change in circumstance since the Court of Appeals dismissed his habeas petition as frivolous.

Thus, the final issue becomes whether Plaintiff should be granted leave to file a second amended complaint. Due to the applicable liberal pleading standard,

a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny, however, a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

      Based upon the foregoing, the Court cannot find that there has been any undue delay, bad faith, or dilatory motive on the part of Plaintiff.  Thus, the Court will afford Plaintiff the opportunity to file a second amended complaint.  Plaintiff is advised that the second amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint, amended complaint, or any other document already filed.  The second amended complaint shall set forth Plaintiff's claims in short, concise, and plain

statements, as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. Plaintiff is cautioned that neither conclusory allegations nor broad, vague, or unintelligible allegations will set forth a cognizable claim. Plaintiff is further cautioned that if he is unable to satisfy these pleading requirements, his second amended complaint may be dismissed without any further leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's amended complaint (Doc. No. 6) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum to file a second amended complaint, consistent with the Court's discussion herein. An appropriate Order follows.

                                                    s/ Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge